UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JAMIE P. POSEY,

                Plaintiff,

     - against -

FRANK J. BISIGNANO, *Commissioner of
Social Security*,

                Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-7685 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Jamie P. Posey filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After Plaintiff filed a motion for summary judgment, the parties stipulated to remand the case to the SSA, where Plaintiff was awarded roughly $123,359.00 in past-due benefits. Plaintiff's counsel, Patrick J. Best ("Best") of ARM Lawyers, now moves for $30,839.75 in attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). For the reasons explained below, Best's motion is granted and he is awarded $30,839.75 in attorney's fees.

## BACKGROUND

Plaintiff applied for Social Security benefits in February 2015 but was denied two months later. (*See* Br. Supp. Pl.'s Mot. Summ. J., Dkt. 7-1, at 3.) After a hearing in front of an Administrative Law Judge ("ALJ") in July 2017, Plaintiff was denied again; the SSA Appeals Council[1] denied review in June 2019. (*Id.*) Plaintiff filed an action in this Court in August 2019

---

[1] The Appeals Council "oversee[s] the hearings and appeals process," "promote[s] national consistency in hearing decisions" made by ALJs, and ensures that the Commissioner's "records [are] adequate for judicial review." *Brief History and Current Information about the Appeals Council*, SSA, https://www.ssa.gov/appeals/about_ac.html [https://perma.cc/QR7E-CZGP] (last visited June 22, 2026). Upon "disagree[ment]" with the ALJ's decision, a plaintiff may file written

1

and obtained a remand back to the agency for further proceedings.  (*Id*.)  On remand, a different ALJ again denied Plaintiff's claim after a hearing in May 2021.  (*Id*.)  Plaintiff submitted exceptions to the ALJ's decision that were denied in September 2023, (*id.*), after which Plaintiff retained Best.  Best filed this action on October 15, 2023.  (*See* Compl., Dkt. 1.)  Plaintiff filed a motion for summary judgment, and, in February 2024, the parties subsequently stipulated to remand the case to the SSA.  (*See* Br. Supp. Pl.'s Mot. Summ. J., Dkt. 7-1; Joint Mot. to Remand, Dkt. 8.)  Following the remand, the Court awarded Plaintiff $5,840.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Joint Mot. for EAJA Att'y Fees, Dkt. 11; 02/26/2024 Dkt. Order.)  On October 11, 2025, the SSA mailed Plaintiff a notice of award letter informing him that he would receive approximately $123,359.00 in past-due benefits, with 25% ($30,839.75) withheld as possible fees for his attorney.  (Best Aff., Dkt. 12-2, ¶ 4; Notice of Award, Dkt. 12-6, at ECF[2] 5.)

In support of this motion, Best submits a fee agreement, demonstrating that Plaintiff retained Best on a 25% contingency-fee basis, (Fee Agreement, Dkt. 12-3, at ECF 1), and itemized time records, indicating that Best spent a total of 24.6 hours litigating this matter before this Court, (Time Records, Dkt. 12-5, at ECF 3).  $30,839.75 for 24.6 hours of work would be an effective hourly rate of $1,253.65.

---

exceptions to the decision with the Appeals Council.  (Admin. Tr., Dkt. 6, at 404.)  A plaintiff may send a written statement and any new evidence with the appeal.  (*See id.* at 404, 634.)  The Appeals Council reviews all ALJ decisions and may deny the appeal, remand the case, issue its own decision, or dismiss the case.  (*Id.* at 405.)  Page references prefaced by "Admin. Tr." refer to the continuous pagination of the Administrative Transcript, (*see* Dkt. 6), appearing in the lower right corner of each page, and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**DISCUSSION**

## I.    Timeliness

Motions for attorney's fees under Section 406(b) must be filed within the 14-day filing period prescribed by Federal Rule of Civil Procedure ("Rule") 54(d).  *Sinkler v. Berryhill*, 932 F.3d 83, 86–89 (2d Cir. 2019).  The 14-day period begins to run from when "counsel receives notice of the benefits award," *id.* at 88, and the law presumes that "a party receives communications three days after mailing," *id.* at 89 n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)).  Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant."  *Id.* at 89 (citations omitted).

Although it is not clear exactly when Plaintiff's counsel received the notice of benefits award, the notice of benefits award letter is dated October 11, 2025.  (*See* Notice of Award, Dkt. 12-6, at ECF 1.)  This motion was filed on October 13, 2025, two days later.  (*See* Pl.'s Mot. for Section 406(b) Att'y Fees, Dkt. 12.)  The motion is thus timely filed.

## II.    Reasonableness of the Requested Fee

### A.    Legal Standard

Section 406(b) provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness only.  *Fields v. Kijakazi*, 24 F.4th 845, 852–53 (2d Cir. 2022) (citing *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 371 (2d Cir. 1990)).

To determine whether a fee is reasonable, a district court should consider (1) "the character of the representation and the results the representative achieved"; (2) "whether a claimant's

3

counsel is responsible for undue delay," unjustly allowing counsel to obtain a percentage of additional past-due benefits[3]; and (3) whether the requested amount is "so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849 (citations omitted). Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

The windfall factor is not equivalent to the traditional lodestar inquiry, where the Court is called on to act as an arbiter of "reasonableness" between the "opposing interests of prevailing plaintiffs and losing defendants." *Id*. at 854 (quoting *Wells II*, 907 F.2d at 371). Rather, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit has instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," *id.*; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *id.* at 855; (3) "the satisfaction of the disabled claimant," *id.*; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *id.*

---

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002))); *Gisbrecht*, 535 U.S. at 791 (noting that "where the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court").

In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

### B.    Application

Here, Plaintiff retained Best pursuant to a 25% contingency-fee agreement.    (Fee Agreement, Dkt. 12-3, at ECF 1.)  There are no allegations of fraud or overreaching with respect to the retainer agreement.  Best seeks the full 25% of Plaintiff's past-due benefits.  At 24.6 hours of work, that would be an effective hourly rate of $1,253.65 per hour.  For the reasons explained below, the Court finds that amount to be reasonable in the context of this case.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849.  Here, Best's briefing was professional and effective, (*see* Br. Supp. Pl.'s Mot. Summ. J., Dkt. 7-1, at 4–24 (challenging, *inter alia*, the ALJ's application of new standards not in effect when Plaintiff filed his claim and the decision as unsupported by substantial evidence)), convinced the SSA to agree to a remand, (Joint Mot. to Remand, Dkt. 8), and achieved what Plaintiff's two previous attorneys could not achieve, (*see* Admin. Tr., Dkt. 6, at 29, 450–56 (showing Plaintiff's appointment of two different representatives prior to retaining Best)): a sizable six-figure award of past-due and future benefits, (Notice of Award, Dkt. 12-6).  The Court finds that this factor does not warrant a downward adjustment.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Fields*, 24 F.4th at 849.  There is no evidence that counsel was responsible for any meaningful delay in this case.  Rather, any delays in the proceedings came from the SSA's

reconsideration of the case after the Court granted the parties' joint motion to remand, (Order, Dkt. 9; Clerk's J., Dkt. 10); reconsideration took approximately 1 year and 8 months from the date the remand order was entered to the date Plaintiff received his notice of benefits award. (*Compare* Clerk's J., Dkt. 10 (dated February 7, 2024), *with* Notice of Award, Dkt. 12-6 (dated October 11, 2025).)

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," *id.* at 854, the Court believes that 24.6 hours was a reasonable amount of time to spend on this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. *Id.* at 854. Here, Best performed work of a similar scale, reviewing a transcript of 889 pages, (Admin. Tr., Dkt. 6), drafting an opening brief of 24 pages, (Br. Supp. Pl.'s Mot. Summ. J., Dkt. 7-1), and obtaining a stipulation of remand, (Joint Mot. to Remand, Dkt. 8). The Court finds that Best was equally if not more efficient than the plaintiff's counsel in *Fields*, spending nearly the same amount of time on the case "despite not having handled the case at the agency level and being unfamiliar with the administrative record." *Springer v. Comm'r of Soc. Sec.*, No. 19-CV-2032 (RRM), 2023 WL 2711313, at *4 (E.D.N.Y. Mar. 30, 2023). This factor does not suggest a windfall.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court

notes that Best did not represent Plaintiff in front of the SSA before filing this suit.  Indeed, Plaintiff did not retain Best until shortly before filing this action on October 15, 2023.  (*See* Fee Agreement, Dkt. 12-3 (showing Plaintiff's signature on the retainer agreement dated October 12, 2023 and Best's signature dated October 13, 2023).)  In contrast, in *Fields*, the plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before ALJs and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments before the district court, and distinguishing the case from some other cases that had found a windfall.  *See Fields*, 24 F.4th at 855.  However, as noted above, Best's work on the case was nonetheless efficient and resulted in exactly what his client had hoped for: a significant award of benefits.  Therefore, this factor also does not suggest a windfall.  *See Hill v. Comm'r of Soc. Sec.*, No. 20-CV-3821 (PKC), 2023 WL 4827265, at *4 (E.D.N.Y. July 27, 2023) (noting that while counsel did not represent plaintiff at the agency level, he "expended time reviewing the administrative record" to obtain a "significant, six-figure award for his client"); *Gondola v. Kijakazi*, No. 18-CV-3173 (VEC) (BCM), 2022 WL 4227966, at *6 (S.D.N.Y. July 22, 2022) (finding that attorneys' non-representation of the client at the administrative level did not justify reducing their fees because they had "conscientiously pressed her case once retained").

With respect to "the satisfaction of the disabled claimant," *Fields*, 24 F.4th at 855, the Court presumes that Plaintiff is satisfied with the results, with no evidence to the contrary.  *See Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023) (declining to adopt a downward adjustment when there was no indication that plaintiff was dissatisfied).  Plaintiff received the past-due benefits he sought, and counsel was not responsible for any delays that may have warranted dissatisfaction.  Therefore, this factor does not suggest that the requested fee constitutes a windfall.  *See, e.g.*, *Hickey v. Comm'r of Soc. Sec.*,

No. 18-CV-7053 (PKC), 2022 WL 2918234, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment warranted where there was no evidence of dissatisfaction and counsel achieved a favorable result without any requests for extension); *Kilgour*, 2022 WL 2918235, at *3 (same).

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *Fields*, 24 F.4th at 855, the Court notes that this case was similarly uncertain as in *Fields*, where the SSA denied the plaintiff's claim again even after remand, *see id.* at 850. Here, Plaintiff's claim was denied several times at the administrative level: after his initial application in 2015, after his first ALJ hearing, by the Appeals Council after that hearing, after his second ALJ hearing, and by the Appeals Council again in response to his written exceptions, (*see* Admin. Tr., Dkt. 6, at 1–6, 12–24, 80–91, 398–403, 404–27), making success far from certain. *See Kantrowitz v. Comm'r of Soc. Sec.*, No. 21-CV-0642 (CLP), 2025 WL 845184, at *4 (E.D.N.Y. Mar. 17, 2025) (finding an uncertain outcome where the plaintiff's claim was denied multiple times at the SSA level). One of those denials came after the first remand from this Court, (*see* Br. Supp. Pl.'s Mot. Summ. J., Dkt. 7-1, at 3), supporting a finding that this was a close case. *See Fields*, 24 F.4th at 850–51; *Saposnick v. Kijakazi*, No. 23-CV-3600 (PKC), 2026 WL 850592, at *5 (E.D.N.Y. Mar. 27, 2026) (finding uncertainty where the plaintiff was denied benefits again after remand). Given the fact that "payment for an attorney in a social security case is inevitably uncertain," *Wells II*, 907 F.2d at 371, and this case was not "inherently less risky than other similar cases," *Hill*, 2023 WL 4827265, at *4, the Court finds that this factor does not suggest a windfall and does not warrant a downward adjustment.

In sum, the Court finds Best's requested attorney's fees under Section 406(b) to be reasonable, and his motion is granted. Upon receiving the Section 406(b) award, Best must remit the $5,840.00 he previously received pursuant to the EAJA to Plaintiff.

**CONCLUSION**

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Patrick J. Best is awarded $30,839.75. Upon receipt of this award, Best shall promptly refund Plaintiff $5,840.00, which represents the fees already received by counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 25, 2026
      Brooklyn, New York

9